**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INSIDER, INC., KATHERINE LONG & JOHN NEWSHAM<br><br>               Plaintiffs,<br><br>    v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>               Defendant | **COMPLAINT** |

**INTRODUCTION**

Plaintiffs Insider, Inc., Katherine Long, and John Newsham, by their undersigned attorneys, allege:

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief.

2.     By this action, plaintiffs seek to compel defendant U.S. Small Business Administration ("SBA") to release records related to certain recipients of Shuttered Venue Operators Grants ("SVOG").

3.     The public has a right to understand how the government spent its money on COVID relief efforts and, specifically, whether SBA was disbursing SVOG funds in a manner consistent with Congress' purpose in appropriating these funds.

**PARTIES**

4.     Plaintiff Insider, Inc. publishes various news websites, including Insider and Business Insider—available at https://www.insider.com and https://www.businessinsider.com,

COMPLAINT - 1

respectively—and is headquartered in this judicial district at One Liberty Plaza, 8th Floor, New York, New York, 10006.

5.      Plaintiff Katherine Long is an employee of Insider, Inc. and a correspondent at Insider. She is a resident of the state of Washington and works remotely.

6.      Plaintiff John Newsham ("Jack Newsham") is an employee of Insider, Inc. and a senior reporter at Insider. He works in Insider's New York, NY bureau.

7.      Defendant SBA is a federal government agency within the meaning of 5 U.S.C. § 552(f)(1) that has possession and control of the information sought by plaintiffs.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

9.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### The First Request

10.      On June 22, 2023, plaintiffs submitted the following FOIA request (the "First Request") to SBA via email to FOIA@sba.gov:

*For each of these entities:*

*1. EPICFAIL INC.*
*2. AIC ENTERTAINMENT*
*3. GODSMACK TOURING INC.*
*4. SREMM TOURING, INC*
*5. LA MONARCA ENTERTAINMENT, INC*
*6. The Smashing Pumpkins Machine Inc*
*7. YOUNG MONEY TOURING INC*
*8. Knot Touring LLC*

COMPLAINT - 2

*9. DJ Kid Millionaire Touring, Inc.*
*10. 365 TOURING INTERNATIONAL, INC*
*11. CBE TOURING, LLC*

*we would like the following records for the period from April 1, 2021 to June 1, 2023:*

1. *Any application(s) filed by the entity for a grant through the SVOG program*
2. *Documents filed in support of the application, such as those mentioned in the July 2021 SBA publication "Shuttered Venue Operators Grant Application Checklist." These include tax returns, financial statements, floor plans, event documentation, marketing materials, box office/ticketing information and artist performance agreements.*
3. *Any notices of award (SBA Form 1222)*
4. *Any expense reports submitted as part of the close-out process.*
5. *Any third-party audits.*

The First Request was assigned number SBA-2023-003111.

11.     By letter dated July 19, 2023 and sent the same day via email, SBA replied to plaintiffs' First Request. It provided a link to an Excel spreadsheet available on its website and explained that this represented the entirety of "publicly available information regarding Shuttered Venue Operators Grantees."

12.     The Excel spreadsheet contained a list of all SVOG grantees, and, for each grantee, the award received, its address, the date of the award, and a boilerplate description of the grantee's business per 15 U.S.C. § 9909(a) (e.g. "Live venue operator or promoter"); it was not responsive to plaintiff's First Request.

13.     SBA further explained that it was withholding all responsive documents—including, specifically, applications, additional documents in support of applications, and audit information—pursuant to FOIA Exemption 4, 5 U.S.C. 552(b)(4), because "[i]nformation included in a business' application is proprietary and confidential." A true and correct copy of the defendant's response to the First Request is annexed as Exhibit A.

14.     On July 25, 2023, plaintiffs timely appealed, *see infra* ¶ 21.

**The Second Request**

15.    On August 7, 2023, plaintiffs submitted the following FOIA request (the "Second

Request") to SBA via email to FOIA@sba.gov:

> *For each of the following recipients of SVOG grants:*
>
> *Posty Touring Inc*
> *Knotfest LLC*
> *GHETTO YOUTHS TOURS INC*
> *DUBFIRE TOURING, INC.*
> *Don't Mean Nothing Tours, Inc*
> *MEDICINE TRIBE TOURING, INC.*
> *APPLE ORCHARD TOURING INC*
> *HABITRAIL TOURING, INC*
> *Shroud of Tour, Inc*
> *LET'S GET NICE LIMITED INC*
> *CRIME DON'T PAY, INC.*
> *JAUZ TOURING, INC*
> *Migo Management, LLC*
> *MJP LIVE, INC*
> *ORRO TOURING, INC*
> *SAMMY LOVES HOT CHEETOS TOURING LLC*
> *Maydew Golenberg LLC*
> *PRODIGY TOURING CORP*
> *Nickelback Touring 2, Inc.*
> *PAY DJ MUSTARD MUSIC INC*
> *GUILE GRIEVER TOURING, INC.*
> *Velvet Hammer Music, Inc.*
> *Phuncky Feel LLC*
> *Want Some More Touring LLC*
> *BEAST MODE TOURING INC.*
> *SYSTEM SUMMER CAMP, LLC*
> *TOURING IS MOST FUNNEST, INC.*
> *Destroyers Inc*
> *STOOPID TOURING, INC.*
> *THINK COMMON TOURING INC*
> *Genevieve Productions, Inc*
> *Monotone Inc*
> *NAVFIVE LIVE, INC*
> *LOUIS THE CHILD LLC*
> *Beggars Bush Inc.*
> *Ridge Road, Inc.*
> *Slarie Music US Inc.*
> *Ella Mai Music, Inc.*

COMPLAINT - 4

*EPICFAIL INC*
*RACON TOURING, LLC*
*HIGH END TOURING LLC*
*AIC ENTERTAINMENT*
*GODSMACK TOURING INC.*
*SREMM TOURING, INC*
*LA MONARCA ENTERTAINMENT, INC*
*The Smashing Pumpkins Machine Inc*
*YOUNG MONEY TOURING INC*
*Knot Touring LLC*
*THE SHALIZI GROUP, INC.*
*DJ Kid Millionaire Touring, Inc.*
*365 TOURING INTERNATIONAL, INC*
*CBE TOURING, LLC*
*Apex Event Management, LLC*

*Please provide the following records submitted as part of their SVOG applications:*

*- Signed Certification of Need*

*- Signed Drug-Free Workplace Certification*

The Second Request was assigned number SBA-2023-003577.

16.     By letter dated August 17, 2023, and sent the same day via email, SBA replied to plaintiffs' Second Request, denying the Request in full. A true and correct copy of the defendant's response to the Second Request is annexed as Exhibit B.

17.     Like SBA's July 19 letter, the August 17 letter provided a link to the Excel spreadsheet available on SBA's website, referenced *supra* at ¶¶ 11–12, and explained that this represented the entirety of "publicly available information regarding Shuttered Venue Operators Grantees."

18.     SBA explained that it was withholding the Signed Certifications of Need pursuant to FOIA Exemption 4, 5 U.S.C. § 552(b)(4), because "[i]nformation included in a business' application is proprietary and confidential."

19.     SBA further explained that it was withholding the Signed Drug-Free Workplace Certifications pursuant to both Exemption 4 and Exemption 6, 5 U.S.C. § 552(b)(6).  It explained that Exemption 6 "protects information for which the disclosure would constitute 'a clearly unwarranted invasion' of individual privacy," but did not explain why this Exemption applied to the documents in question.

20.     On August 23, 2023, plaintiffs timely appealed, *see infra* ¶ 27.

### Administrative Appeals

21.     By letter dated July 25, 2023 and sent via email the same day to Oreoluwa Fashola, FOIA Officer—and copying Alan Escobar, FOIA Public Liaison for SBA—plaintiffs administratively appealed SBA's partial denial of the First Request (the "First Appeal"). A true and correct copy of the plaintiffs' July 25 email, along with the attached First Appeal and its exhibits, is annexed as Exhibit C.

22.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), agencies must "make a determination with respect to any appeal within twenty [business] days."

23.     SBA failed to respond to the First Appeal in the time required by 5 U.S.C. § 552(a)(6)(A)(ii).

24.     On August 28, 2023, having received no response from SBA even to acknowledge receipt of the First Appeal, plaintiffs sent an email to Mr. Fashola, with Mr. Escobar copied, seeking an update. A true and correct copy of plaintiffs' email is annexed as Exhibit D.

25.     Upon sending this email, plaintiffs received an automatic reply from Mr. Fashola stating that he was "out sick" for the day and directing requests for "immediate assistance" to foia@sba.gov. A true and correct copy of Mr. Fashola's email is annexed as Exhibit E.

26.     Accordingly, the same day, plaintiffs replied to their email sent earlier in the day and added "foia@sba.gov" to the list of recipients.  A true and correct copy of plaintiffs' email is annexed as Exhibit F.

27.     By letter dated August 23, 2023 and sent via email the same day to Oreoluwa Fashola, FOIA Officer—and copying Alan Escobar, FOIA Public Liaison for SBA—plaintiffs administratively appealed SBA's denial of the Second Request (the "Second Appeal"). The August 23 email did not include the necessary exhibits, so plaintiff followed up with an email the following day, August 24, including the exhibits. A true and correct copy of the plaintiffs' August 23 and 24 emails, along with the attached Second Appeal and its exhibits, is annexed as Exhibit G.

28.     SBA failed to respond to the Second Appeal in the time required by 5 U.S.C. § 552(a)(6)(A)(ii).

29.     On September 22, 2023, having received no response from SBA even to acknowledge receipt of the Second Appeal—and having still received no response to messages about the First Appeal, with the exception of Mr. Fashola's away message—plaintiffs sent an email to Mr. Fashola, with Mr. Escobar and foia@sba.gov copied, seeking an update on both matters. A true and correct copy of plaintiffs' email is annexed as Exhibit H.

30.     Upon sending this email, plaintiff received an automatic reply from Mr. Fashola stating that he was "out of the office this week." A true and correct copy of Mr. Fashola's email is annexed as Exhibit I.

31.     On September 25, 2023, having still received no response from SBA regarding its Appeals, plaintiffs mailed paper copies of the Appeals and relevant exhibits to the address provided on SBA's letters of denial, *see* Exs. A & B.  A true and correct copy of the cover letter for that mailing is annexed as Exhibit J.

COMPLAINT - 7

32.     On September 26, 2023, plaintiffs emailed Mr. Fashola, with Mr. Escobar and foia@sba.gov copied, to confirm that paper copies of the two appeals had been mailed the previous day. A true and correct copy of that email is attached as Exhibit K.

33.     On October 27, having still received no response from SBA related to either appeal, plaintiffs sent another email to Mr. Fashola, with Mr. Escobar and foia@sba.gov copied, seeking an update. A true and correct copy of that email is attached as Exhibit L.

34.     As of the day this complaint is filed, is has been 75 business days since Insider submitted its First Appeal and 54 business days since it submitted its Second Appeal.

35.     Having received no reply to either Appeal, plaintiffs have exhausted all applicable administrative remedies.


## CLAIM I – FIRST REQUEST
### (Failure to Disclose Non-Exempt Records)

36.     Plaintiffs repeat, re-allege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

37.     SBA is subject to FOIA and must therefore disclose upon request any non-exempt records in its possession at the time of the request and must provide a lawful reason for withholding any information as to which it is claiming an exemption.

38.     Plaintiffs identified with reasonable specificity records within the custody and control of SBA that they wish to inspect.

39.     SBA is wrongfully withholding non-exempt information contained in agency records requested by plaintiffs.

40.     SBA has violated FOIA by failing to disclose the information requested by plaintiffs.

COMPLAINT - 8

41.     Accordingly, plaintiffs are entitled to an order compelling SBA to produce the information requested.

## CLAIM II – SECOND REQUEST
### (Failure to Disclose Non-Exempt Records)

42.     Plaintiffs repeat, re-allege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

43.     SBA is subject to FOIA and must therefore disclose upon request any non-exempt records in its possession at the time of the request and must provide a lawful reason for withholding any information as to which it is claiming an exemption.

44.     Plaintiffs identified with reasonable specificity records within the custody and control of SBA that they wish to inspect.

45.     SBA is wrongfully withholding non-exempt information contained in agency records requested by plaintiffs.

46.     SBA has violated FOIA by failing to disclose the information requested by plaintiffs.

47.     Accordingly, plaintiffs are entitled to an order compelling SBA to produce the information requested.

## RELIEF REQUESTED

**WHEREFORE**, plaintiffs respectfully request this Court to:

1.     Declare that the information requested by plaintiffs is non-exempt and must be disclosed pursuant to 5 U.S.C. § 552;

COMPLAINT - 9

2.      Order SBA to provide the requested information to plaintiffs within twenty

business days of the Court's order;

3.      Enjoin defendants from charging plaintiffs any fees for processing their request;

4.      Award plaintiffs the costs of this proceeding, including reasonable attorneys' fees,

as expressly permitted by FOIA; and

5.      Grant such other and further relief as the Court deems just and proper.

Dated this 9th day of November, 2023.


                                        Respectfully submitted

                                        INSIDER, INC.


                                        _____
                                        Bix Bettwy
                                        Maryanne Stanganelli
                                        Insider, Inc.
                                        One Liberty Plaza
                                        Eighth Floor
                                        New York, NY 10006
                                        Email: bbettwy@insider.com

                                        *Counsel for Plaintiffs*


COMPLAINT - 10